### PASCUCCI et al. v. HART.
### PASCUCCI et al. v. ALSOP.
### ALSOP v. PASCUCCI et al.
#### Nos. 9364–9366.

United States Court of Appeals
District of Columbia.

Argued Jan. 9, 1947.

Decided Feb. 10, 1947.

Mr. George C. Gertman, of Washington, D. C., for appellee in No. 9364.

Mr. Thomas M. Gittings, of Washington, D. C., with whom Mr. Thomas M. Baker, of Washington, D. C., was on the brief, for

appellee in No. 9365 and appellant in No. 9366.

Before GRONER, Chief Judge, and WILBUR K. MILLER and PRETTYMAN, Associate Justices.

PER CURIAM.

These are three appeals arising out of the administration of the estate of Agostino Pascucci. The appeals are taken from orders of the District Court sitting as a Court of Probate. One appeal contests the right of the court to charge against decedent's real estate an allowance made to executors for the services of their attorneys in the litigation; another contests the right to charge against the real estate an allowance to the guardian *ad litem;* and the third is brought by the surviving executor to have the amount of the allowance to him increased. The controversy arises out of the following facts:

Agostino Pascucci, a resident of the District of Columbia, died June 9, 1942. He was twice married, there being no children of the first marriage. Prior to his second marriage he made a will leaving his estate to a stepson and to three sisters in I 'y. His second marriage occurred November 12, 1939, and on January 14, 1943, seven months after the death of Agostino Pascucci, a child was born of the second marriage.

■ The Probate Court admitted the will to probate over the objection of the guardian *ad litem* of the infant child. An appeal was brought to this court by the guardian *ad litem,* and our decision was that the marriage and birth of the infant subsequent to the making of the will revoked the same.[1] The case was then remanded to the District Court for appropriate action. Thereafter the allowances complained of were made. Objection is now brought here on the general ground that since the value of the personal property of the estate is not sufficient to pay the allowances, recourse against the real estate, or the rents therefrom, is not permissible, since, under the ap-

plicable local statutes, all this passed to the posthumous child as of the date of the latter's birth. The lower court rejected this contention, and we think correctly. All of the services of the executors and of the guardian *ad litem* were rendered under the supervision and direction of the court. True enough, the interests were antagonistic, since the guardian *ad litem* represented the infant, and the executors, the will; but, obviously, proceedings of the nature taken were necessary to determine the right of inheritance. The total value of the estate, including real estate, is somewhere between $25,000 and $30,000, and, concededly, the personal estate, not including the accumulated rents, is insufficient to pay the allowances; but the allowances being made in the exercise of discretion by the court having charge of the administration, and the litigation being necessary in the establishment of the right to title to the property, the court was correct in protecting all interests, antagonistic or otherwise, until the question of inheritance had been decided.

■ The statute clothes the Probate Court with authority to administer real estate situated in the District of Columbia and to sell real estate, if necessary, to pay debts and legacies.[2] And Section 608 inferentially includes the right to sell to pay costs of administration. Certainly, obligations created in the ordinary and necessary administration of the estate are of equal dignity with debts contracted by the testator in his lifetime, and in a case of this nature would be entitled to priority in payment. If this were not the rule, it would sometimes happen that for lack of personalty no proceedings could be had—in the case of an infant—to determine and fix the proper distribution of the estate.

Having due regard to the work done by the various claimants and to the amount of the estate involved, we are of opinion that the allowances made by the court were, in the circumstances, not excessive. In this view, the orders below are affirmed.

Affirmed.

[1] Pascucci v. Alsop, 1945, 79 U.S.App. D.C. 354, 147 F.2d 880, certiorari denied 1945, 325 U.S. 868, 65 S.Ct. 1406, 89 L. Ed. 1987.

[2] 31 Stat. 1214, March 3, 1901, 32 Stat. 527, June 30, 1902, D.C.Code 1940, §§ 18—607, 18—608, 18—609.